
Office of the Attorney General
Douglas B. Moylan
Attorney General of Guam
Solicitors Division
287 West O'Brien Drive
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 472-2493 (Fax)
www.guamattorneygeneral.com • guamattorneygeneral@hotmail.com

Attorneys for the People of Guam (Government of Guam)

**FILED**
DISTRICT COURT OF GUAM
OCT 3 1 2006
MARY L.M. MORAN
CLERK OF COURT

# UNITED STATES DISTRICT COURT
## DISTRICT OF GUAM

| | |
|---|---|
| J. C., <br><br> Plaintiff, <br><br> vs. <br><br> GREGORIO SALAS CALVO, in his official capacity as Deputy Director Department of Integrated Services for Individuals with Disabilities (DISID), and ROSANNE S. ADA, in her official capacity as Director of DISID, <br><br> Defendants. | Civil Case No. CIV 06-00031 <br><br> **DEFENDANTS' MOTION TO DISMISS, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> **Federal Rules Civil Procedures 12(b)(6)** <br><br> **(ORAL ARGUMENT REQUESTED)** |

Defendants Calvo and Ada ostensibly sued herein in their official capacities as Deputy Director and Director, respectively, of the Department of Integrated Services for Individuals with Disabilities ("DISID"), by and through counsel, the Office of the Attorney General, move this Court for an order dismissing Plaintiff's claim(s) for relief as set forth in the above-captioned Complaint ("Complaint") of Plaintiff, J. C..

This motion is made pursuant to Rules 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"), for failure to state a claim upon which relief can be granted and is based on this motion and points and authorities, and the papers, records, and files in this action, on any reply

Page 1
Defendants' Motion to Dismiss and Memorandum in Support Thereof Federal Rules Civil Procedures 12(b)(6) (ORAL ARGUMENT REQUESTED)
District Court Civil Case No. CIV06-00031

Case 1:06-cv-00031   Document 8   Filed 10/31/2006   Page 1 of 11

Plaintiff may make, and such oral and documentary evidence and argument as may be presented prior to or at the hearing on this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION

In his single count Complaint seeking monetary damages and such unspecified relief as may be available to him under the law and as this court deems just and proper, Plaintiff brings this action pursuant ostensibly to Title I one of the Civil Rights act of 1964, Section 504 of the Rehabilitation Act of 1973 as amended through 1998 ("RA"), and the Americans with Disabilities Act ("ADA"). Complaint, ¶1.

Although by its caption the Complaint, brought pro se, names as defendants Gregorio Calvo and Rosanne Ada in their official capacities as deputy director and director, respectively, of the Department of Integrated Services for Individuals with Disabilities ("DISID"), by Complaint ¶¶ 2, 3 and 5, plaintiff refers to DISID itself as Defendant(s) or Defendant(s) agency.

Plaintiff alleges at all times relevant he was a resident of Guam and seeking services by the Defendant(s) Agency. Complaint ¶3; is an individual with a disability, and is a male. Complaint ¶4; On or about May, 2006 Plaintiff was seeking services from the Defendant(s) agency thru The Individualized Budgeting Program (I.B.P.) Plaintiff was Discriminated against on the basis of his Disability Status. Complaint ¶5; The Deputy Director had Promised the Plaintiff that just give them time and Plaintiff will get $90.000 to begin plaintiff's Small Home-Based Business and be self-Sufficient. Complaint, ¶ 6; The Defendant had met with Plaintiff informally over a Period of 8 Particular Times. At Which Defendant had committed and promised that The Individualized budgeting upon it's receiving the Funding will disburse the Funds to the Plaintiff. Complaint, ¶ 7; On or about July 14, 2006 Plaintiff Mr. C. was Promised By Defendant Gregorio Salas Calvo that He The (Plaintiff) will Qualify Under The

Page 2
Defendants' Motion to Dismiss and Memorandum in Support Thereof Federal Rules Civil Procedures 12(b)(6) (ORAL ARGUMENT REQUESTED)
District Court Civil Case No. CIV06-00031

Case 1:06-cv-00031    Document 8    Filed 10/31/2006    Page 2 of 11

Individualized Budgeting Program and Will Get Housing as Part of His Academic Training To Further his Studies For One Semester Here in Guam at The Guam Community College. Along with His Individualized Budgeting Program his Individualized Plan For Employment With The Division of Vocational Rehabilitation Will Go Hand In Hand. (DVR) is under the Umbrella of DISID. And services for the Individualized Budgeting Program is a Locally Funded Program whereas the DIVISION OF VOCATIONAL REHABILITATION SERVICES ARE HALF FUNDED BY THE STATE AND FEDERAL GOVERNMENT. Complaint, ¶ 8; and that Services Thru The Individualized Budgeting Program To Include Housing, Furnishing, and Other Needs also To Include some funding for the Plaintiff's Home-Based Business Will Be Included. Gregorio Salas Calvo stated that Instead of $20.000 he will give The Plaintiff Mr. C. $90.000 Under the Individualized Budgeting Program. And All Plaintiff's Services Will Kick In On or About August 16, 2006. Complaint, ¶ 9; I had another conversation with the Defendant on Wednesday August 23rd, 2006. To inquire what is happening why my Individualized Budgeting program funding not in place. Gregorio S. Calvo Stated That He was having some problems and just gives them some time. At the same time my Individualized Plan for Employment should be In Place Shortly. Complaint, ¶ 10; September 2006 came and went No Response. Gregorio Salas Calvo Was Never in The Office. And Never Responded to my E-mails. But One. Complaint, ¶ 11; I had asked For a Grievance Hearing on October 6, 2006 (Friday). To air out my concerns. In this Meeting Which Was Held at the DISID DIRECTOR'S OFFICE PRESENT Were Plaintiff, Defendant's GREGORIO SALAS CALVO DEPUTY DIRECTOR (DISID),/ ROSANNE S. ADA DIRECTOR (DISID) and Fred Burgos (At The Request of Plaintiff), and Mr. Edmund Cruz Advocate. Complaint ¶ 12; In this meeting this was the first time Plaintiff was handed Down a Decision of Disqualifying him From the Individualized Budgeting Plan (IBP), and the Defendants Showed No Remorse. In a

Page 3
Defendants' Motion to Dismiss and Memorandum in Support Thereof Federal Rules Civil Procedures 12(b)(6) (ORAL ARGUMENT REQUESTED)
District Court Civil Case No. CIV06-00031

Case 1:06-cv-00031  Document 8  Filed 10/31/2006  Page 3 of 11

Score From 1-110, Plaintiff Scored a 5. Complaint, ¶ 13; As proximate result of the aforementioned acts of cruel Lies and Discrimination Plaintiff Suffered Outrage, Shock, Humiliation, and Emotional and Mental Trauma. Complaint, ¶ 14.

As for relief, Plaintiff asks for attorney's fees and court fees to be paid by Rosanne Ada in her official capacity; that plaintiff be compensated in the amount of four million six hundred thousand dollars ($4600.000.00) excluding taxes, taxes to be paid by DISID; garnishment of salaries of Rosanne S. Ada, Director of DISID, Gregorio Calvo, Deputy Director of DISID, and DISID Director's Office Staff until Plaintiff is paid in full;, and I Maga'Lahi Guahan to redirect Rosanne Ada, Director of DISID and Gregorio Calvo to a non-managerial position. Plaintiff further prays for judgment in his favor and against each Defendant(s) and that Plaintiff be awarded all relief available to him under the law and statutes (sic), including personal injuries, emotional and mental trauma, outrage shock, humiliation, stress, and for such other further relief as the court deems just and proper.

In his complaint, plaintiff makes mention of two programs, an Individualized Plan for Employment and an Individualized Budgeting Program. Plaintiff states no claim whatsoever with respect to that Individualized Plan for Employment. He simply makes reference to it. However, by letter to the Court dated October 13, 2006, filed October 25, 2006, with various attachments, Plaintiff states he is currently enrolled at the Guam Community College as a freshman post-secondary student. Such is consistent with the IPE letter attachment which provides he will be a registered student Guam Community college in the Fall semester of 2006.

Rather, the gist of Plaintiff's complaint is that on or about May 2006 Plaintiff "was seeking services from the Defendant(s) agency thru The Individualized Budgeting Program (I.B.P.) Plaintiff was Discriminated against on the basis of his Disability Status". Complaint, ¶5. Plaintiff alleges the I.B.P. is a locally funded program and, in his case, what was to be

Page 4
Defendants' Motion to Dismiss and Memorandum in Support Thereof Federal Rules Civil Procedures 12(b)(6) (ORAL ARGUMENT REQUESTED)
District Court Civil Case No. CIV06-00031

Case 1:06-cv-00031   Document 8   Filed 10/31/2006   Page 4 of 11

included, or provided, was housing, furnishing, and other needs also to include some funding for his home-based business to "kick in". Complaint. ¶9. Concerned with delays in having IBP funding in place, Plaintiff asked for a grievance hearing "To air out my concerns" which "meeting" was held October 6, 2006. Present were Defendants Calvo and Ada, a Fred Burgos at the request of Plaintiff, and Mr. Edmund Cruz Advocate. Complaint, ¶12. In this "meeting", Plaintiff was "handed down" a decision disqualifying him from the IBP. In a score from 1-110, Plaintiff scored a 5. Complaint, ¶13.

## ARGUMENT

GRCP Rule 12(b) states as follows, in relevant part:

> (b) How Presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:…(6) failure to state a claim upon which relief can be granted,…If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56.

### I. Federal Rules of Civil Procedure 12(b)(6)

In a Rule 12(b)(6) attack, the Federal Rules of Civil Procedure provides that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Yamaguchi v. U.S. Dept. of the Air Force*, 109 F.3d 1475, 1481 (9th Cir.1997). All factual allegations set forth in the complaint "are taken as true and construed in the light most favorable to [p]laintiffs." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir.1996).

Page 5
Defendants' Motion to Dismiss and Memorandum in Support Thereof Federal Rules Civil Procedures 12(b)(6) (ORAL ARGUMENT REQUESTED) .
District Court Civil Case No. CIV06-00031

Case 1:06-cv-00031 Document 8 Filed 10/31/2006 Page 5 of 11

The Ninth Circuit has further defined this rule explaining that courts only accept as true the well-pleaded facts, and ignore "legal conclusions," "unsupported conclusions," "unwarranted inferences," "unwarranted deductions," "footless conclusions of law" or "sweeping legal conclusions cast in the form of factual allegations." See W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir.1981) cert. denied 454 U.S. 1031, 102 S.Ct. 567, 70 L.Ed.2d 474. In practice, "a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434 (6th Cir.1988). Dismissal is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); see also McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir.1988).

"[G]ranting a motion to dismiss is 'a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice.'" Cayman Exploration Corp. v. United Gas Pipe Line Co., 873 F.2d 1357, 1359 (10th Cir.1989) (quoting Morgan v. City of Rawlins, 792 F.2d 975, 978 (10th Cir.1986)) (quoted in Cannaday v. Bd. of Educ. of the Rio Rancho Pub. Sch., Civ. No. 04-1143, Doc. 35, at 4 (D.N.M. July 12, 2005)). "These deferential rules, however, do not allow a court to assume that a plaintiff 'can prove facts that [the plaintiff] has not alleged or that the defendants have violated the ... laws in ways that [the plaintiff has not] alleged.'" Cannady, Civ. No. 04-1143, Doc. 35, at 4-5 (citing Associated Gen. Contractors, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983)). "Although Plaintiffs' pleadings are to be liberally construed, mere conclusory allegations without supporting factual averments will not suffice." See Martinez v. Espanola Pub. Sch., Civ. No. 04-0737, Doc. 44, at 8 (D.N.M. Dec. 22, 2005) (citing Brown v. Zavaras, 63 F.3d 967, 972 (10th Cir.1995)).

Page 6
Defendants' Motion to Dismiss and Memorandum in Support Thereof Federal Rules Civil Procedures 12(b)(6) (ORAL ARGUMENT REQUESTED)
District Court Civil Case No. CIV06-00031

Case 1:06-cv-00031　Document 8　Filed 10/31/2006　Page 6 of 11

Having made the conclusory allegation he was discriminated against on the basis of his disability status, Complaint, ¶ 5, the essence of the factual allegations of Plaintiff's Complaint appears to be that he received verbal assurances from DISID Deputy Director Calvo that he would qualify under the IBP with certain services to be provided, i.e. housing, furnishing, and other needs including funding for a home-based business, all to kick in on or about August 16, 2006. Such not being in place by end September, 2006, Plaintiff asked for what he describes as a "grievance hearing" to "air out" his concerns. At a meeting held at DISID Director's office Plaintiff was then "handed down" a decision disqualifying him from the IBP. Apparently in that connection, Plaintiff notes that in a score from 1-110, he scored a 5.

Title II of the ADA and § 504 of the RA both prohibit discrimination on the basis of disability. The ADA applies only to public entities, whereas the RA proscribes discrimination in all federally-funded programs. Title II of the ADA provides:

> Subject to the provisions of the sub-chapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity. 42 U.S.C. § 12132.

> Similarly, the RA provides: No otherwise qualified handicapped individual in the United States ... shall, solely by reason of his handicap, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.... 29 U.S.C. § 794(a).

To establish a violation of Title II of the ADA, a plaintiff must show that (1) he is a qualified individual with a disability; (2) he was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of his disability. *See Weinreich v. L.A. County*

Page 7
Defendants' Motion to Dismiss and Memorandum in Support Thereof Federal Rules Civil Procedures 12(b)(6) (ORAL ARGUMENT REQUESTED)
District Court Civil Case No. CIV06-00031

Case 1:06-cv-00031 Document 8 Filed 10/31/2006 Page 7 of 11

*Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir.1997). To establish a violation of the RA, a plaintiff must show that (1) he is handicapped within the meaning of the RA; (2) he is otherwise qualified for the benefit or services sought; (3) he was denied the benefit or services solely by reason of his handicap; and (4) the program providing the benefit or services receives federal financial assistance. *See id.*

By his Complaint in this action, insofar as the ADA is concerned, Plaintiff makes no factual allegation whatsoever he qualified for the IBP, nor that his exclusion or discrimination otherwise was by reason of his disability. As to the RA, Plaintiff makes no factual allegation he is otherwise qualified for the benefit or services sought, nor that he was denied the benefit or services solely by reason of his handicap. Indeed, although Plaintiff might have the Court infer Plaintiff was, or has been, excluded from the IBF based on the allegation of complaint, ¶ 13, he was handed down a decision of disqualifying him from the IBP such, in this instance, appears more conclusory than factual, an assumption on his part, he not alleging any specifically identified authority expressly told him, or gave him a document, so stating. And, in any event, Plaintiff cannot claim he was denied the benefit or services solely by reason of his handicap since Section 504 proscribes discrimination between the nonhandicapped and the 'otherwise qualified' handicapped and the IBP services here sought are provided only to eligible individuals with disabilities. See Ada Declaration, Exhibit A, Draft Rules and Regulations for Individualized Budgeting Program. Plaintiff must show that he was denied services guaranteed to him by the RA, and that, in spite of his disability, he was "otherwise qualified" to receive the denied services. *Johnson ex rel. Johnson v. Thompson*, 971 F. 2d 1487, 1493. Again, Plaintiff does not and cannot since "(W)ithout a showing that the nonhandicapped received the [services] denied to the 'otherwise qualified' handicapped, [Plaintiff] cannot assert that a violation of section 504 has occurred". *Id.* at 1494.

Page 8
Defendants' Motion to Dismiss and Memorandum in Support Thereof Federal Rules Civil Procedures 12(b)(6) (ORAL ARGUMENT REQUESTED)
District Court Civil Case No. CIV06-00031

Case 1:06-cv-00031 Document 8 Filed 10/31/2006 Page 8 of 11

Accordingly, Plaintiff's allegations are insufficient to defeat a 12(b)(6) motion and do not support a cause of action for violation of the ADA or § 504 of the RA.

Even if the Court found that Plaintiff put forth sufficient facts to establish a prima facie case under the ADA or § 504 of the RA, *Ferguson v. City of Phoenix*, 157 F.3d 668, 674 (9th Cir.1998) precludes him from recovering compensatory damages because Plaintiff does not allege and cannot show discriminatory intent.

The same remedies are available for violation of Title II of the ADA and § 504 of the RA. *See* 42 U.S.C. § 12133. The remedies, in turn, are the same as those set forth in Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq. *See* 29 U.S.C. § 794a(a)(2); *Ferguson v. City of Phoenix*, 157 F.3d 668, 674 (9th Cir.1998). In accord with Title VI case law, *see Guardians Ass'n v. Civil Serv. Comm'n*, 463 U.S. 582, 103 S.Ct. 3221, 77 L.Ed.2d 866 (1983), "compensatory damages are not available under Title II or § 504 absent a showing of discriminatory intent." *Ferguson*, 157 F.3d at 674; *see also Memmer v. Marin County Courts*, 169 F.3d 630, 633 (9th Cir.1999). However, *Duvall v. County of Kitsap*, 260 F.3d 1124 (9th Cir.2001), explains with some precision the level of intent required to support an award of compensatory damages.

In that case, a hearing-impaired litigant sued state court and county personnel under Title II of the ADA and § 504 of the RA for their failure to provide special accommodation in the form of real-time transcription for his hearings. *Id.* at 1129. The Ninth Circuit held that the "deliberate indifference" standard applied. *Id.* at 1138. "Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." *Id.* at 1139 (citing *City of Canton v. Harris*, 489 U.S. 378, 389, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989)). The first element is satisfied if the public entity has notice that an accommodation is required. *Id.* The second element is satisfied if the entity's

Page 9
Defendants' Motion to Dismiss and Memorandum in Support Thereof Federal Rules Civil Procedures 12(b)(6) (ORAL ARGUMENT REQUESTED)
District Court Civil Case No. CIV06-00031

Case 1:06-cv-00031   Document 8   Filed 10/31/2006   Page 9 of 11

"failure to act [is] a result of conduct that is more than negligent, and involves an element of deliberateness." *Id.* Under the second element, "a public entity does not 'act' by proffering just any accommodation: it must consider the particular individual's need when conducting its investigation into what accommodations are reasonable." *Id.*

Plaintiff's Complaint does not allege the Defendants were deliberately indifferent. The allegations of the Complaint are insufficient to establish a claim for compensatory damages under Title II of the ADA and § 504 of the RA.

Otherwise, insofar as Plaintiff's Complaint might be construed to include state claims seeking monetary relief against the government of Guam or any of its agencies in tort or for breach of contract, Plaintiff's Complaint fails to state a claim upon which relief can be granted, Plaintiff not having alleged any compliance with the Guam Government Claims Act, Title 5, Guam Code Annotated, §§6101, *et. seq.*, and Guam has not otherwise waived its sovereign immunity pursuant to Section 3 of the Organic Act of Guam, 48 U.S.C. 1421-1425, as amended.

Although Plaintiff alleges certain promises were made to him by DISID Deputy Director Calvo, Complaint, ¶¶ 6-10, the IBP Rules and Regulations are clear that the IBP Application, the Individualized Service Plan and the Individualized Budget shall be submitted to and discussed with the DISID Director for approval. Plaintiff does not allege any such approval was obtained. There was no contract.

Further, as to monetary or other relief sought against Defendants Calvo and Ada, and the DISID Director's Office Staff, individually, none of whom are named as defendants in this action in their individual capacities, it is clear from the allegations of the Complaint, at all times all were acting within their official capacities and are not subject to individual liability in this action.

Page 10
Defendants' Motion to Dismiss and Memorandum in Support Thereof Federal Rules Civil Procedures 12(b)(6) (ORAL ARGUMENT REQUESTED)
District Court Civil Case No. CIV06-00031

Case 1:06-cv-00031  Document 8  Filed 10/31/2006  Page 10 of 11

## CONCLUSION

The IBP being available only to individuals with disabilities, Plaintiff cannot state a claim of discrimination based on disability. As to any breach of contract claim, while Plaintiff alleges promises made to him, he does not allege any facts showing the existence of any contract and he does not allege any compliance with the Guam Government Claims Act. Plaintiff has failed to state a claim upon which relief can be granted.

Dated: This 31st day of October, 2006.

OFFICE OF THE ATTORNEY GENERAL
DOUGLAS B. MOYLAN, Attorney General

By: _____
**PHILIP D. ISAAC**
Assistant Attorney General
Attorneys for Defendants

Page 11
Defendants' Motion to Dismiss and Memorandum in Support Thereof Federal Rules Civil Procedures 12(b)(6) (ORAL ARGUMENT REQUESTED)
District Court Civil Case No. CIV06-00031

Case 1:06-cv-00031   Document 8   Filed 10/31/2006   Page 11 of 11