FILED
DISTRICT COURT OF GUAM
DEC 2 8 2006
MARY L.M. MORAN
CLERK OF COURT

**DISTRICT COURT OF GUAM**
**TERRITORY OF GUAM**

JACOB CRUZ,

    Plaintiff,

vs.

GREGORIO SALAS CALVO, *et. al.*,

    Defendants.

Civil Case No. 06-00031

**ORDER**

    This matter comes before the court on Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to FED. R. CIV. P. 12(b)(6) ("Motion").

### STANDARD OF REVIEW

    The Ninth Circuit has reviewed the standard for a motion to dismiss for failure to state a claim upon which relief can be granted:

> [A] complaint should not be dismissed under Fed. R. Civ. Pro. 12(b)(6) "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal theory.

*Robertson v. Dean Witter Reynolds, Inc.*, 749 F. 2d 530, 533-34 (9th Cir. 1984). The court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. *See Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir.1998). Moreover, the complaint must be read in the light most favorable to the plaintiff. *See id.* "Dismissal "is only appropriate if the complaint, so viewed, presents no set of facts justifying recovery." Although "great specificity is ordinarily not required," the plaintiff must nevertheless "set forth 'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under

**ORIGINAL**

some actionable legal theory.'" *Shabazz v. Cole*, 69 F. Supp. 2d 177, 185 (D.Mass. 1999). (citations omitted). "Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Ove v. Gwinn*, 264 F.3rd 817, 821 (9th Cir. 2001).

With respect to a *pro se* litigant's rights to amend his complaint, the Ninth Circuit has held that "unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corrections*, 66 F.2d 1050, 1055 (9th Cir. 1995) (per curiam); *see also Lopez v. Smith*, 203 F.3d 1122, 1126, 1131 (9th Cir. 200)(en banc).

## BACKGROUND

Plaintiff Jacob Cruz ("Cruz"), is an individual suffering from a speech impairment, a learning disability and an attention deficit disorder. Cruz has filed suit against Gregorio Calvo and Rosanne Ada ("Defendant's").[1] Cruz claims that Defendants violated certain provisions of the Civil Rights Act of 1964, § 504 of the Rehabilitation Act of 1973 as amended through 1998 ("RA") and the Americans with Disabilities Act ("ADA"). He contends that he was denied services due to discrimination as a result of his disabilities.

Cruz alleges that in April of 2006 he sought services from Defendants through the Individualized Budgeting Program ("IBP") as an individual with a disability. Cruz states he was promised services through the IBP program to include funding for his home-based business and housing close to campus (to occur on or about August 16, 2006) in order to further his studies at Guam Community College. Under the Department of Vocational Rehabilitation ("DVR") he also had an active Individualized Plan for Employment ("IPE") which was to provide tuition for post-secondary education, purchase of a laptop computer and printer, internet access, maintenance fee at $150.00 per month and an iConnect cell phone.[2] Cruz met with DISD personnel on at least eight separate occasions in attempts to obtain services promised. Unsatisfied with the lack of results, Cruz requested a "grievance hearing" to express his concerns. The hearing was held on

---

[1] Gregory Calvo and Rosanne Ada are the deputy director and director (respectively) of the Department of Integrated Services for Individuals with Disabilities ("DISID").

[2] Cruz asserts that as of October 12, 2006, DVR was four months delinquent in payments under the IPE contract for a total of $600. Further, DVR only provided tuition even though the other services previously mentioned were necessary for him to be successful academically.

October 6, 2006, and both Defendants were present. Cruz asserts that at this hearing he was informed that he was "disqualifi[ed]" from the IBP program. He maintains that his disqualification was founded on an improper basis, namely his disability.

Defendants have filed a motion to dismiss pursuant to FED. R. CIV. P. 12 (b)(6) stating Cruz has failed to state a claim with respect to the proposed violations. With respect to the allegations concerning the ADA violations, Defendants assert Cruz has failed to allege any facts to support that 1) he qualified for the IBP and 2) that his exclusion from the program was because of his disability. Concerning the RA violations, Defendants contend that Cruz has not alleged any facts to indicate 1) that he is otherwise qualified for the benefit or services sought and 2) that he was denied the benefit solely on the basis of his handicap.

Defendants also maintain that even if Cruz's complaint is sufficient to state a claim, compensatory damages are not available because Cruz failed to allege discriminatory intent on the part of Defendants. Finally, Defendants argue that Cruz should be prohibited from seeking relief as he has not complied with the requirements of the Guam Government Claims Act, 5 GCA §§ 6101, *et. seq.* In addition, by extension they claim that DISID as a government agency is immune from suit as it has not waived its sovereign immunity bestowed by virtue of the Organic act of Guam.

## ANALYSIS

The ADA[3] and RA[4] provide that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or

---

[3] Title II of the ADA, 42 U.S.C. § 12132 states in relevant part:

> Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

[4] The RA establishes a comprehensive federal program aimed at improving the lot of the handicapped. Among its purposes are to "empower individuals with disabilities to maximize employment, economic self-sufficiency, independence, and inclusion and integration into society." 29 U.S.C. § 701(b)(1). To further these purposes, Congress enacted § 504 of the Act, 29 U.S.C. §§ 794(a). That section provides that:

> No otherwise qualified handicapped individual ... shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132; *see also* 29 U.S.C. § 794(a).

"[The Ninth Circuit's] interpretation of Title II of the ADA applies equally to Section 504 of the Rehabilitation Act." *Bay Area Addiction Research and Treatment, Inc. v. City of Antioch*, 179 F.3d 725, 730 (9th Cir.1999). The language of the two statutes is "similarly expansive" and "Congress has directed that the ADA and Rehabilitation Act be construed consistently." *Armstrong v. Wilson*, 124 F.3d 1019, 1023 (9th Cir.1997), *cert. denied*, 524 U.S. 937, 118 S.Ct. 2340 (1998).

Given the similar substance of the ADA and RA, it seems appropriate to address the elements of ADA and RA claims together. To prove a violation of either the ADA Title II or Rehabilitation Act Section 504, the Plaintiff must show that he: (1) was an "individual with a disability"; (2) was either excluded from participation in or denied the benefits of services, programs or activities, or was otherwise discriminated against; (3) was "otherwise eligible" to receive the benefit; (4) the denial of benefits or discrimination was solely by reason of his disability; and (5) the Defendant Directors of DISID receive federal funding (for the Rehabilitation Act claim), or constitute a public entity (for the ADA claim). *See Weinreich v. Los Angeles County Metropolitan Transp. Authority*, 114 F.3d 976, 978 (9th Cir.1997) (listing elements for disability discrimination claims under Title II of the ADA and § 504 of the Rehabilitation Act); *Zukle v. Regents of the University of California*, 166 F.3d 1041, 1045 (9th Cir.1999) (applying a combined set of elements for plaintiff's disability discrimination claims under Title II of the ADA and § 504 of the Rehabilitation Act).

Defendants have not disputed either the first or the fifth elements. Therefore, the only outstanding questions are whether Cruz has stated sufficient facts to support that he was denied the benefits of services (under IPE and IBP), that he was otherwise eligible to receive those services and whether such denial was based on his disability.

*Services under IBP and IPE.* Regarding IBP services, Defendants contend that Cruz has not supported denial of benefits by failing to identify any "authority expressly told him, or gave him

//

a document so stating." Motion at 8.[5] The court disagrees. Cruz did allege "[i]n this meeting, [of October 6, 2006] this was the first time [Cruz] was handed [d]own a [d]ecision of [d]isqualifying him [f]rom the [IBP]." Complaint at ¶ 15. Cruz previously alleged that those persons present were Defendants, Defendants' advocate Mr. Edmund Cruz, Fred Burgos (a friend of Cruz) and Cruz himself. Complaint at ¶ 12. Clearly, assuming these facts are true, it is a reasonable inference that the Defendants are the only ones present who could have made such a statement.

Defendants assert that Cruz has failed to allege any "factual allegation whatsoever" to establish that he was qualified for the IBP. (Motion at 8). However, Cruz did indicate in his complaint that he applied for the IBP program in April 2006 and subsequently met with DISID on at least eight occasions regarding the IBP. He also asserts that during these meetings DISID "committed and promised that [t]he Individualized [B]udgeting upon it[']s receiving the [f]unding will disburse the [f]unds" to him. *See* Complaint at ¶ 7. These remarks by DISID affirming Cruz's qualification for the IBP were again reaffirmed on July 14, 2006 when Cruz was told that he "will [q]ualify [u]nder [t]he Individualized Budgeting Program and [w]ill get [h]ousing as [p]art of [h]is [a]cademic [t]raining [t]o [f]urther his [s]tudies . . ." Complaint at ¶ 8. Further, he was told that housing, furnishings, and some funding for Cruz's home based business would be paid for under the IBP. These services were to commence "on or about August 16, 2006." Complaint at ¶ 9. These facts if taken as true, are more than sufficient to support that Cruz was qualified for IBP services.

Whether there are sufficient facts alleged to support that the denial of benefits was based solely on his disability is also contested by Defendants. Regarding the IPE and the services therein, it is undisputed that Cruz was qualified to receive certain benefits as contained in the IPE and agreed to by DVR. The issue is really whether he was constructively denied these benefits (that he was told were coming to him) because they were not provided in a timely fashion. Cruz has alleged facts in this regard indicating that Defendants has delayed DVR from providing services

---

[5] Defendant Ada did submit an affidavit asserting that Cruz's application for IBP has neither been approved nor denied. However this is a question of fact and factual determinations are not properly before the court on a motion for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

and complying with the IPE including purchase of a laptop, printer, paying the maintenance fee and providing a cell phone. *See* Complaint ¶¶ 13, 14 and 17.[6]

Defendants contend that since IBP services are only available to individuals with disabilities it is necessarily impossible for Cruz to allege any facts that would support this element. The court disagrees. Caselaw suggests that "although Title II of the ADA expressly prohibits discrimination against the disabled, it has been recognized that Congress did not intend to condition the protection of the ADA upon a finding of discrimination; thus, state agency's failure to provide disabled individual with services in the 'most integrated setting appropriate' to the individual's needs without a proper justification violates the ADA." *Cable v. Department of Developmental Services of State of Cal.*, C.D.Cal.1997, 973 F.Supp. 937.

Disability "discrimination" under the statutes, may differ from traditional ideas of discrimination because the ADA and RA statutes contain their own definitions of discrimination. *Melton v. Dallas Area Rapid Transit*, 391 F.3d 669, 672 (5th Cir.2004). For example, the Supreme court has recognized that "failure to accommodate persons with disabilities will often have the same practical effect as outright exclusion" or discrimination. *Tennessee v. Lane*, 541 U.S. 509, 531 (2004); *see also Swenson v. Lincoln County School Dist. No. 2*, 260 F.Supp.2d 1136, 1144 (D.Wyo.2003) (stating that the "[t]hree theories of discrimination" under the statutes are "(1) intentional discrimination; (2) discriminatory impact; and (3) a refusal to make a reasonable modification").

When viewed in this light, assuming Cruz's contentions regarding the underlying circumstances are true, he was determined by the Defendants to be eligible for services of the IPE and IBP and as a result was promised certain benefits and then was subsequently denied. At this juncture, a reasonable conclusion can be drawn that he was denied based on the perceived severity of his disability. This deduction with regard to the IBP, is further supported by the additional documentation provided by Defendants listing the primary criteria for prioritizing applicant consumers in the IBP. *See* Motion Exhibit A.[7]

---

[6] The court is aware that Cruz is maintaining that internet access was to be provided for use at school and to date is not in place (See Cruz's opposition to Motion at 2) however it is not alleged in the Complaint. The court will allow Cruz leave to amend his complaint in this regard.

[7] Certainly it would be helpful for Cruz's petition to be more specific. The court will allow Cruz to amend his complaint in order to indicate why he believes Defendants' discrimination is based solely on his disability.

*Recovery of Compensatory Damages.* In order to collect monetary damages in a failure to accommodate case, Cruz must prove intentional discrimination, the standard for which is "deliberate indifference." *Duvall v. County of Kitsap,* 260 F.3d 1124, 1138 (9th Cir.2001). Although the complaint does not utilize the exact words that Defendants were "deliberately indifferent" it does allege facts that support such an allegation. Specifically, that DISID agreed that certain services under the IBP and IPE previously mentioned were necessary and appropriate for Cruz. A statement that these services would be provided and an allegation that the services were not provided in spite of their previous determinations of their necessity and Cruz's repeated requests that they be provided. These facts reasonably infer some degree of deliberateness beyond that of mere negligence on the part of Defendants.[8]

In order to survive a motion for failure to state a claim which will allow him to recover compensatory damages, Cruz must amend his complaint to allege that Defendants intentionally discriminated against him and were "deliberately indifferent" in addition to including factual support for such a claim.

*Compliance with the Government Claims Act.* Defendants have made a vague reference to Cruz's failure to assert compliance with the Government Claims Act ("Act") as a basis to dismiss. Apparently, the Defendants are contending that Cruz has failed to exhaust his administrative remedies under the Act prior to filing suit. However, the Ninth Circuit has held that there is no exhaustion requirement under either the ADA or the RA. *See Smith v. Barton,* 914 F.2d 1330, 1338 (9th Cir.1990) (holding a plaintiff need not exhaust administrative remedies before filing suit under the Section 504 of the Rehabilitation Act) and *Zimmerman v. Oregon Dep't of Justice,* 170 F.3d 1169, 1177-78 (9 th Cir.1999) (Title II of the ADA incorporates the provisions of the RA which do not require pursuit of administrative remedies). Accordingly, Defendants' claim in this regard fails.

*Sovereign Immunity.* It is well settled law in the Ninth Circuit that a state[9] is not entitled to immunity under Title II of the ADA. *Lovell v. Chandler,* 303 F.3d 1039, 1050-51 (9th Cir.

---

[8] Cruz may amend with respect to providing additional factual bases, but must amend his complaint to at least include an allegation of "intentional discrimination" and "deliberate indifference."

[9] Guam is specifically included in the definition of the term "State" for purposes of the applicability of the ADA, 42 U.S.C. 12102.

7

2002); *Phiffer v. Columbia River Correctional Institute*, 384 F.3d 791, 792-93 (9th Cir. 2004). Likewise it is established precedent that states waive immunity with respect to the RA when they accept federal funds. *See Lovell*, 303 F.3d at 1051 ); *Phiffer*, 384 F.3d at 793. Here, Cruz has alleged and it is undisputed that DISID accepts federal funds. Therefore, Defendants are not immune from liability in their official capacities under the ADA and RA. Accordingly, Defendants' assertion of sovereign immunity pursuant to the Organic Act, 48 U.S.C. 1421a, is baseless is denied.

## CONCLUSION

Although, Cruz's complaint could be more clearly and concisely written, the court finds that it meets the requisite standard to survive the 12(b)(6) challenge with respect to the elements of the ADA and RA claims. The Defendants' motion in that regard is DENIED. However, with respect to the availability of compensatory damages the court finds that Cruz has failed to allege "intentional discrimination" or the intent of "deliberate indifference." Absent such an allegation Cruz's claims for compensatory damages must fail.

Accordingly, Cruz is granted leave to amend, file and serve his complaint.[10] Absent an amendment conforming with this court's order, **ALL** causes of action as to Defendants will be dismissed. Cruz shall submit an Amended Complaint by February 20, 2007. The Amended Complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint (or supporting documentation) by reference.[11] Any Amended Complaint submitted by Plaintiff should be clearly designated as such on the face of the document. Cruz should take notice that all causes of action alleged in a complaint which are not alleged in an amended complaint are waived. *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). Cruz is also free to amend any other aspects of his complaint as previously indicated by the court.

---

[10] Cruz is reminded of this court's order indicating that he may effectuate service on Defendants by placing a copy of the documents in Defendant's court box located in the Clerk's Office and to notify defense counsel of said delivery by telephone. Defense counsel may serve Cruz at his residence.

[11] If Cruz wishes to include the information previously submitted in the original complaint or the supporting documents submitted via letter (Docket No. 6) he must retype them into his amended complaint or attach the supporting documents to the Amended Complaint.

8

The Clerk of Court is directed to enter a judgment of dismissal without prejudice and without further notice to Cruz, if Cruz fails to file an Amended Complaint by February 20, 2007.

### WARNING OF POSSIBLE DISMISSAL

Cruz should take notice that if he fails to timely comply with every provision of this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See Ferdik v. Bonzelet*, 963 F2d. 1258, 1260-61 (9th Cir.)(district court may dismiss action for failure to comply with any order of the court), *cert. denied*, 506 U.S. 915 (1992).

**SO ORDERED** this 28th day of December, 2006.

FRANCES TYDINGCO-GATEWOOD
CHIEF DISTRICT JUDGE