*Jacob Cruz Pro Se,*
*UOG IYA-HAMI HALL*
*Room 109*
*Post Office Box: 5320 UOG STATION*
*MANGILAO GUAHAN 96923.U.S.A.*
*E-Mail: jcruzgcc2006@yahoo.com*
*671-787-7576 0600.a.m.-0800.a.m. Friday's Only*



**FILED**
DISTRICT COURT OF GUAM

FEB 1 6 2007 *rba*

**MARY L.M. MORAN**
**CLERK OF COURT**

*Plaintiff*
*Jacob Cruz*

### IN THE UNITED STATES DISTRICT COURT
### OF GUAM

*JACOB CRUZ*                         *Case Number: 06-00031*
*PLAINTIFF*

                                    *Amended Compliant*

*Vs.,*                              *Violation Public Law 24-16,*

                    *Discrimination under the Rehabilitation Act/ Invasion Of Privacy…*

*Gregorio Salas Calvo*
*In his official Capacity as Deputy Director of*
*Department of Integrated Services for Individuals with Disabilities (DISID)/ Rosanne S. Ada*
*DIRECTOR DISID, / Helena Ana G .Kubo/ Rosemarie Genese,*

*Defendant.*
_____/

### COMPLIANT AND Violation Of Public Law 24-16 and Rehabilitation Act
*NOW COMES THE PLAINTIFF MR. JACOB CRUZ, by HIS AMENDED COMPLIANT against does hereby state as follows.*

#### PARTIES
1. *PLAINTIFF Mr. JACOB CRUZ IS AN INDIVIDUAL Residing in the City of Mangilao Guam*

2. *DEFENDANTS, GREGORIO SALAS CALVO in his official Capacity as Deputy Director of DISID,/ ROSANNE S. ADA in her official Capacity as  DISID DIRECTOR,/ Helena Ana G. Kubo as The Administrator, DISID Div of Support Services  / Rosemarie Genese a Social Worker II of The Division of Support Services/*
*Authorized to and doing business in the City of Hagåtña in The State of Guam.*

### JURISDICTION AND CAUSE
3. *This cause of action arose, in whole or in part, in the City of Hagatna Guam, and therefore jurisdiction is proper*
*Venue herein is proper under 28 U.S.C. §1391 and 42 USC §2000. at all times mentioned herein, and upon information and belief, Defendant(S) Rosanne S. Ada in her Official Capacity as Director of Department of Integrated Services For Individuals With Disabilities (DISID), / Gregorio Salas Calvo in his*

# ORIGINAL

Venue herein is proper under 28 U.S.C. §1391 and 42 USC §2000. at all times mentioned herein, and upon information and belief, Defendant(S) Rosanne S. Ada in her Official Capacity as Director of Department of Integrated Services For Individuals With Disabilities (DISID), / Gregorio Salas Calvo in his Official Capacity as Deputy Director of DISID. Was and are Employee's of DISID a Government entity organized and existing under the laws of and in the Territory of Guam, as a Territory of the United States of America and pursuant to the Organic Act of Guam, and has its principal place of business in Guam.

1. At all times mentioned herein, and upon information and belief, Defendant Department of Integrated Services For Individuals With Disabilities (DISID), was and is a Government Service Provider for Individuals with Disabilities and its principal business in Guam.

2. At all times mentioned in this compliant Plaintiff was a resident of Guam and was seeking services by the Defendant Agency.

3. Plaintiff is and Individual with a Disability, and is a Male.

4. The Defendant Gregorio Salas Calvo did not appear in The Proceedings on Monday December 04, 2006 not because he was on Personal Leave Status but he was Off-Island On A Mission With A Detailed Appointee June Perez in The Mainland.

5. Defendant(s) GREGORIO SALAS CALVO (DISID DEPUTY DIRECTOR),Rosanne S. Ada DISID DIRECTOR, Helena Ana G. Kubo Division of Support Services Administrator, Rosemarie Genese Division of Support Services Social Worker II, nor there STAFF HAVE THE KNOWLEDGE OF VOCATIONAL REHABILITATION Programs.

6. *The Defendant(s) Attorney Philip Isaac apparently is not educated on addressing Individuals With Disabilities. On Monday December 04, 2006 during the Motion hearing to Dismiss Filed By Philip Isaac, he Had Referred to me. As a HANDICAP INDIVIDUAL Until Judge Tydingco-Gatewood Had Corrected Him.*

7. *The facts that Is Relevant to this case is Public Law 24-16, that Was Enacted into law on On March 26, 1997 at 330.p.m. under <u>Chapter 14, Page 4 Paragraph 15 it clearly States the Creation Of DISID, on Page 4 same Chapter Paragraph 26 it states The Duties of DISID, it goes on to page 5 Same chapter Paragraph 3. The DISID SHALL conduct and provide for staff development, public education, and community awareness activities on the problems, needs, potentials, and rights of Individuals With Disabilities through affirmative public education programs, including conferences, Workshops, and forums.</u>*

8. *Facts that To date The General Public Still Use The Big Word HANDICAP, and Still Individuals with Disabilities Are Mistreated. As if we have an Illness that is so contagious, to date DISID HAS NOT HAD ENOUGH PUBLIC EDUACTION WHERE THEY EDUCATE THE PUBLIC AS TO WHAT, How, AND WHEN TO ASSIST INDIVIDUALS WITH DISABILITIES. On Page 5 Paragraphs 8-14 it reads the Following: The Disid Shall serve as the central clearing house for public and private activities,*

*which address the needs of persons with disabilities in Guam, review grant*

*applications as related to the Division of Support Services for Individuals*

*With Disabilities, proposed state plans and program descriptions in matters*

*affecting persons with disabilities prior to submittal for Governor's approval*

*and serve as a repository and disseminator of program information relating*

*to persons with disabilities.*

9. *Point # 2  Fact Is Rosanne S. Ada DISID DIRECTOR  States In Her Declaration That The Individualized Budgeting Program is a new Program That Had Just Begun in 2006,*

10. *Facts that  In Her Declaration Filed With The Court On Oct 31, 2006 Rosanne S. Ada had attached a copy of an Interim Rules & Regulation. In Her Declaration Rosanne Ada States On Page 2 Lines 16-25, she states the Following.*

*In his compliant, plaintiff makes reference also to the Individualized Plan For*

*Employment (IPE), a DIVISION Of Vocational Rehabilitation Program. In*

*Plaintiff's Case, pursuant to his IPE, I Was enrolled at Guam Community*

*College To Pursue My Education in preparation for employment in the Travel-*

*Tourism Industry. Plaintiff Never Stated In The IPE anything about having a*

*self-determined goal. In fact Gregorio Salas Calvo DISID's Deputy Director had*

*contributed and insisted that I attend one Semester at Guam Community*

*College. Plaintiff Agreed Under The Conditions That All Available Resources*

*Would Have Been Rendered on or about August 16, 2006.*

*11. Facts that Rosanne Ada, still believes that Individuals That Are Being at*

*Berg of Being Homeless and at The Berg of Being Institutionalized is her Top*

*and Foremost Priority. In other Words Let's Help those who can not help*

*Themselves First before we can help those Who Are Trying To Make A*

*Difference In there Life. Apparently the Defendant  attorney's stated in his*

*reply to plaintiff's opposition to Motion to Dismiss Filed with the Courts on*

*November 27, 2006.*

*Page #2 of 2 pages Paragraph's 11-14: what this illustrates, if anything, is a*

*possible failure of communication in having plaintiff understand that the type*

*and extent of further assistance to him by DISID, including DVR, is a matter to*

*be determined upon review after Plaintiff's completion of the semester at G.C.C.*

*DISID. But I big to differ on this because DISID, Can not come in and Tell The*

*Client nor the Counselor what or when and how is best for the Client. It was The*

*Plaintiff that wanted to Pursue His Education at an Off-Island Institution of*

*Higher Learning. Face of The Facts when The Deputy Director Of DISID,*

*GREGORIO SALAS CALVO, PARTICIPATED in The Plaintiff's Development*

*of The IPE, HE HAD STATED THAT HE WILL PROVIDE A LAPTOP-Computer,*

*Housing Close to the Vicinity of The Guam Community College and Internet*

*Services On The Following Business Day, Likewise He Would Give The Plaintiff*

*Instead of $20.000 DISID WILL PROVIDE CLIENT $90.000 to Start a Small*

*Business at The Same Time He Was In School. This Was Thru The Individualized*

*Budgeting Program.*

12. *Fact that Is That You Have Government Of Guam Officials Making*

   *Commitments and Promises that They Are Not Able To Complete.*

13. *Face of The Facts There Is No Public Education, Nor Enforcement Under The*

   *Americans With Disabilities Act Law.*

14. *Facts that DISID HAS VIOLATED PLAINTIFF'S CONFIDENTIALITY,*

   *Within There Contract Agency of Guma' Mami Incorporated By Obtaining*

   *Files Without Plaintiff's Authorization. Though Client was aware that he*

   *signed a Release of Information, client was aware that when DISID or Any*

   *Other Entity was going to request Documents They Would Notify Client*

   *First.*

15. *The Facts is It IS QUITE EVIDENT THAT YOU HAVE Government of Guam*

   *Employee's In There Official Capacities, Including there Staff That Are Not*

   *Aware of Vocational Rehabilitation Functions, and Operations. And are*

   *Arrogant, and Ignorant To Federal Law. And are not concentrating on*

   *Carrying out Public Law 24-16., and delivering the Services That was*

   *supposedly suppose to be for every Individual With Disability.*

16. *Likewise you have high ranking officials of the Government of Guam that*

   *can not perform all there duties. Instead what they are doing is trying to get*

   *there fair share of The Velvet Cake with Butter Icing on the Top.*

19. *DISID DIRECTOR, DEPUTY DIRECTOR had failed In Providing*

*There are a Total of 4 Programs that is currently Under DISID'S HANDS, They*

*are the Following.*

   1. *The Individualized Budgeting Program (IBP).*
   2. *The Safe HAVEN PROGRAM *That is To Assist Individuals whom are at the berg of being homeless.**
   3. *Community Resource Grant(Support ADRC Grant).*
      *Guam Rehabilitation Center.*

*Claiming that the Individualized Budgeting program is a New Program, That*

*Was Added To DISID IN 2006.*

   1. *Individualized Budgeting Program Pilot Project Advisory Committee*

      *that was Since Transferred to The Created DISID Individualized*

      *Budgeting Program.*

   2. *DISID'S Individualized Budgeting Program  Brochure That States No*

      *Qualifications of the Program.*

   3. *DISID'S Allotment of Compact Impact Funding For The Individualized*

      *Budgeting Program.*

*Fact that, plaintiff believes  that Counsel For The Defendant(s), Like*

*Defendant(s) themselves, do not Understand Vocational Rehabilitation Process,*

*and They Do Not Understand the <u>Americans with Disabilities Act Law of 1990,</u>*

*Vocational Rehabilitation ACT, and Guam Public- Law 24-16, in it's entirely.*

*Gregorio Salas Calvo DISID Deputy Director should have known that the Department of Integrated Services for Individuals with Disabilities (DISID), is not a Service Provider. According to Public Law 24-16 DISID is A Referral (One-Stop Agency) that Refers it's Clients out to The Catholic Social Services, Guma' Mami Inc, Sagan Mami, Mental Health, Division of Vocational Rehabilitation etc. etc. etc. the gist of this Admended compliant is the Following…*

A. *Defendant's Refusal to acknowledge the fact that they made Statements that had them Binding in the IPE (Working Document Vocational Rehabilitation,) Development.*

B. *Refusal of Defendant's Calvo/ Ada to Launch a Full Fledge Campaign on Educating the Public About ADA/and how to Communicate With Individuals With Disabilities, Effectively and Efficiently*

*The face that the, Gist of This Amended Compliant is, it seems that Defendant(s) Gregorio Salas Calvo DISID Deputy Director, Rosanne S. Ada DISID Director, Helena Ana G. Kubo Administrator DISID Division of Support Services, Rosemarie Genese Social Worker II Division of Support Services, think that Individuals with Disabilities are not aware of the Laws that Protect Them, and they think we would not make any Noise when our Rights are Violated. They think that we will not Say or do anything if our Rights are Violated.*

Face that the Public Law 24-16: Page 33 Article 3 § 41211. Reads, Misuse of Lists and Records. It shall be unlawful, except for purposes directly connected with the administration of the Vocational Rehabilitation Program, and in accordance with applicable rules and regulations, for any person to solicit, disclose, receive, make use, authorize, knowingly permit, participate, in or acquiesce in, the use of any name of or any information concerning a person applying for or receiving vocational rehabilitation directly or indirectly derived from the records, papers, records, files or communications of the Council or Division thereof acquired in the course of performance of official duties. Any violation of this section shall be a **MISDEMEANOR.**

Face that Page35 Public-Law 24-16: Article 3 Letter (d), "Individual With Disability" means any individual who: (1) Has a physical or Mental impairment (a) that substantially limits one or more of the major life activities of such Individual; (b) a record of such impairment; or (c) being regarded as having such an impairment.

*Face that, Page 16 Vocational Rehabilitation Law Page 16: § 701 Findings; purpose; Policy Reads The Following: (a) findings*

*Congress finds that---*

*(1) Millions of Americans have one or more physical or mental disabilities and the number of Americans with such disabilities increasing. (5) Individuals*

*With disabilities continually encounter various forms of Discrimination in such critical areas as employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, Voting, Public Services; and (6) and the goals of the Nation properly include the goal of providing individuals with disabilities with the tools necessary to—*

    *a. MAKE INFORMED CHOICES and Decisions; and*

    *b. Achieve equality of opportunity, full inclusion and integration in society, economic and social self-sufficiency, for such individuals.*

    *(B) Purpose*

*The purposes of this chapter [29 U.S.A. §701 ET esq.] are*

*(1) To empower individuals with disabilities to maximize employment, economic self-sufficiency, independence, inclusion, and integration*

*The gist of This Amended Compliant is that The instrumentality of The Government of Guam Known as The Department of Integrated Services For Individuals With Disabilities(DISID), has failed it's obligation to follow the Law and The Letter of The Law, to provide fair, and Honest Services for Individuals With Disabilities. Facts that Furthermore, the DISID DEPUTY DIRECTOR GREGORIO SALAS CALVO consistently lied to Client(S). In making them believe that they will get the Funding for the Individualized Budgeting Program. However it is known that Gregorio Salas Calvo DISID DEPUTY DIRECTOR, Run's away From The Problem when he can't take The*

*Heat any Further. Likewise The Division of Support Services Administrator*

*Helena Ana G. KUBO, and Social Worker II, Rosemarie Genese had Violated*

*Plaintiff's Rights Under The United States Constitution Article 4 of Right To*

*PRIVACY, without plaintiff being notified first that Documentation's Were*

*Going To Be Requested By DISID'S Contract Agency (GUMA' MAMI*

*INCORPORATED.) The gist of this amendment is that Defendant(s), Have*

*Continued to play There Games, in either not disbursing services or Not*

*Providing Services. But yet they continue to take Off-Island Travels abroad,*

*thinking that it is okay. While the client(s) are waiting for Services. Likewise the*

*inefficient service that the Department of Integrated Services For Individuals*

*With Disabilities (DISID) had been Committed or Promised to Them.*

*Furthermore DISID'S OFFICES OF DIRECTOR, DEPUTY DIRECTOR,*

*DIVISION OF SUPPORT SERVICES, Had Placed Services on Hold. Instead of*

*Delivering Services DISID'S OFFICIALS HAS Spent Both Local And Federal*

*Funding To There Need's & Wants. They had Consistently Gone On OFF-*

*ISLAND TRAVELS. When They Return They Say There Is No Money. Then Just*

*Before A New Fiscal Year Is About To Enter They Find FUNDING, That Is To Be*

*Sent Back Due To The Fact That They Can't Find Individuals With Disabilities*

*To Use It. They Think That Individuals can not make Informed Choices. And*

*have a sound Peace of Mind. DISID would should have been More Attentive in*

*Delivering There Job. By providing Plaintiff with some alternative Solutions.*

4. *The Facts, Defendant Rosemarie Genese Social Worker II, (Division of Support Services, DISID, Had lied about obtaining Plaintiff's File from Guma' Mami Incorporated. Defendant Genese, Had Contacted Plaintiff on January 2nd, 2007 to try and have Client to Go to a Psychological Evaluation So That Plaintiff May Continue To Receive Services From DISID-Division of Support Services, and DISID'S DIRECTOR and Deputy Director's Offices.*

5. *Facts that DISID- DIVISION OF SUPPORT SERVICES HAS CONSISTENTLY INTERFEARED With DIVISION OF VOCATIONAL REHABILITATION PROGRAM. KNOWING THAT THEY ARE NOT AWARE OF VOCATIONAL REHABILITATIONS Policy's and Procedures.*

6. *Facts That In AUGUST 2006 PLAINTIFF HAD SUBMITTED TO DISID DIRECTOR and Deputy Director's Office A Flyer On A Reasonable Rental Property Close to The Vicinity of Guam Community College.*

7. *Defendant(s) Rosanne S. Ada Director Of DISID, And Gregorio Salas Calvo, Had Sat on The Opportunity.*

8. *Plaintiff Had Also Submitted A Flyer For Internet Services From Marianas Cable Vision To The Defendant(s) Rosanne S. Ada DISID DIRECTOR, And Gregorio Salas Calvo DISID DEPUTY DIRECTOR AND PLAINTIFF'S Request Went Unanswered.*

*Plaintiff, Had A Difficult Time Completing Assignments Since DISID and The*

*DIVISION OF SUPPORT SERVICES, Has Failed To Provide Services. It was*

*never stated In the DEVELOPMENT OF THE INDIVIDUALIZED PLAN FOR*

*EMPLOYMENY (IPE), WITH ADMINISTRATOR ALBERT SAN AGUSTIN That*

*Upon Completion of FALL SEMESTER 06' PLAINTIFF'S PROGRAM WILL BE*

*REASSED. PLAINTIFF'S Choice Was To PURSUE HIS ACADEMIC TRAINING*

*as ANOTHER CLIENT MR. DARREN GUTIERREZ OFF-ISLAND. But It WAS*

*GREGORIO SALAS CALVO, DISID DEPUTY DIRECTOR THAT INSISTED*

*THAT IF I WAS TO ATTEND GUAM COMMUNITY COLLEGE FOR One*

*SEMESTER FALL 06'*

*THAT THE AVAILABLE RESOURCES TO INCLUDE A LAPTOP, INTERNET*

*SERVICE, HOUSING AND FURNISHING'S, $90.000 (CASH), and other*

*Available RESOURCES THRU THE INDIVIDUALIZED BUDGETING*

*PROGRAM (IBP) WILL BE DELIVERED TO PLAINTIFF ON OR ABOUT*

*AUGUST 16, 2006.*

*Defendant(S) ADA AND CALVO'S ATTORNEY Phil Isaac Wants The Court To*

*Believe That There Was NO Wrong Doing In This Case. Defendant(S) ADA &*

*CALVO HAS Spent Most Of There Time OFF-ISLAND WHEN The Disability*

*Community Are Waiting For Some Answers and for Services to be rendered.*

9. *Facts That Furthermore, if Defendant(s) Gregorio Salas Calvo Deputy*
   *Director of DISID, Rosanne S. Ada Director of DISID, were really*

*interested in Assisting Individuals With Disabilities, they would have*
*started by "Delivering The Services" Which Gregorio Salas Calvo had*
*Committed to and Promised The Plaintiff from Day One. Since The*
*Defendant(s) Gregorio Salas Calvo DISID Deputy Director, Rosanne S.*
*ADA Director DISID, Helena Ana G. Kubo, Administrator Div of Support*
*Services, Rosemarie Genese, Social Worker II Div Of Support Services.*
*has made The Delivery of Service Slow, or Not Delivering Service*
*Plaintiff Is Entitled To The Full Relief Sought for "PUNITIVE DAMAGES*
*To Include Mental Anguish." Plaintiff Has Endured.*

*Facts That The Plaintiff's Records (Confidential/Privacy) should have been*
*protected. However Defendant(s) Gregorio Salas Calvo DISID DEPUTY*
*DIRECTOR, ROSANNE S. ADA DISID DIRECTOR, HAD INSTRUCTED*
*Defendant(s) Helena Ana G. Kubo Administrator DIVISION OF SUPPORT*
*SERVICES / ROSMARIE GENESE SOCIAL WORKER II, DIVISION OF*
*SUPPORT SERVICES To Go Out and Do An Investigation as If Plaintiff*
*Was Being Charged For A Criminal Matter.*

*Whereas, Since They Can not Deliver There Job's To Protect The Privacy and*
*Deliver Services I AM Seeking The Relief In The Following Page.*

*10. DISID DIRECTOR ROSANNE S. ADA HAD REPEATEADLY STATED*
*THAT DISID Will not or can not provide the $20,000 for plaintiff to start*
*his home based Internet Travel business. Then why was it during the*

Initial Pilot Project other individual(s)  namely Joseph Tareyama,

Josephine Cortes, Evelyn Duenas, Mimi Hernandez  etc, etc, Received

funding  to do whatever they please with the Funding?

Count II. Invasion of Privacy:

1. The Facts that Administrator of the Division of Support Services

   HELENA ANA G. KUBO, and Rosemarie Genese Social Worker II

   Division of Support Services had invaded Plaintiff's Privacy  without

   Plaintiff's Acknowledgement that it was okay for them to obtain these

   documents.

2.  Facts that  Helena Ana G. Kubo, and Rosemarie Genese, along With

   DISID DIRECTOOR ROSANNE S. ADA, will claim that under the

   Contract With There Contract Agency, (Guma' Mami Inc.) they can do

   whatever they want to do. Because they(DISID) is the one that is

   providing (Guma' Mami) Funding for there programs. I as a Client and an

   individual as well as other Individuals With  Disabilities feel that our

   Protection of our Privacy is at stake.

3.  Facts That Rosanne S. Ada DISID DIRECTOR, Wants The Court to

   believe that these Programs that is administered by DISID is Only for

   The "Homelessness, and Those Individuals With Disabilities Who are

   Being at the berg of being Institutionalized. What happen to the General

   Disability Community?

4. *The Facts That Rosanne S. Ada DISID DIRECTOR, Had intentionally Discriminated against those whom want to make something of themselves. Including Plaintiff Jacob Cruz, Referring back to Rehabilitation Law. It clearly states the Following...29 §701*

*(6) the goals of the nation properly include the goal of providing individuals with disabilities with the tools necessary to*

*(A) MAKE INFORMED CHOICES AND DECISIONS; and*

*(B) Achieve equality of opportunity, full inclusion, and integration in society, employment, independent living and economic and self- sufficiency. For such individuals.*

*7. The Facts is Rosanne S. Ada knew that Plaintiff did not qualify in the beginning then why did she wait until the last minute until Plaintiff Requested a fair Hearing on October 06, 2006, to inform Plaintiff that he only scored a 5 out of 110 points?*

*8. Fact That The DEFENDANT(S) ROSANNE S. Ada DISID DIRECTOR, And Gregorio Salas Calvo DISID Deputy Director are up to this Current Point PLAYING Games, The Fact is That Defendant Gregorio Salas Calvo DISID Deputy Director Participated in The Development Of Plaintiff's Individualized Plan For Employment In July of 2006, and it was Defendant Gregorio Salas Calvo That Committed and Promised That If Plaintiff Had*

*Stayed On Island To Attend One Semester at The Guam Community College,*

*Services of Comparable or Similar Benefits Thru The Individualized*

*Budgeting Program (I.B.P.), Along with Other Services From The Division Of*

*Vocational Rehabilitation, Would Have Been Received On Or Before The*

*First Day of Fall Semester Classes August 16, 2006.*

*9. Fact That is  Defendant(s) MADE THE INDIVIDUALIZED BUDGETTING*

*PROGRAM (IBP) Known TO The Disability Community on Guam, In April*

*2006 at a Policy Maker Forum Which Was Hosted By The Guam*

*Developmental Disabilities Commission. (GDDC) at the Westin Hotel*

*Guam. Again if the Defendant(s) Rosanne S. Ada DISID DIRECTOR, and*

*GREGORIO SALAS CALVO DISID DEPUTY DIRECTOR, Intended THIS*

*PROGRAM TO SUPPORT THOSE INDIVIDUALS WHOM ARE AT THE*

*BERG OF BEING HOMELESS/ and At THE BERG OF BEING*

*INSTITUTIONALIZED THE DEFENDANT(S) ADA/ CALVO SHOULD*

*HAVE MADE IT CLEAR AT THE WORKSHOP IN April 2006.*

*10. The Face of The Fact of This Is that there are Supposedly 4 Programs that*

*are under DISID'(S) Authority at this current time they are as follows.*

*(1). The Facts Is The: INDIVIDUALIZED BUDGETTING*

*PROGRAM Which Primarily Objective is a continued program*

*from the pilot project " Inadanna para Tinilaika "Partner for*

*Change" program that provides an Individualized Budget*

*Mechanism that establishes an amount of funding available for*

*an INDIVIDUAL WITH DISABILITIES to direct and manage the*

*delivery of services he/she requires and is authorized to receive.*

*This model ensures that the individuals with disabilities Exercises*

*choice and control over there living environment. The services they*

*receive the manner by which services are provided, and integrated into the*

*community. Increases and promotes collaborative partnerships to develop*

*and enhance GUAM'S service delivery for Individuals With Disabilities*

*through creative cost effective Systems.*

*(2) SAFE HAVEN PROGRAM*

*In 1992 amendments to the Stewart B. McKinney Homeless Assistance Act*

*included a provision for creation of Safe Havens. According to Title IV.*

*Subtitle D of the McKinney Act a Safe Haven is a form of supportive housing*

*that serves hard to reach homeless persons with severe disabilities who are*

*on the street and have been unable or unwilling to participate in supportive*

*services. Safe Haven encourages residents to go beyond just finding shelter,*

*but by creating a housing environment that is safe, sanitary, flexible, and*

*stable and which places no treatment participation demands on residents.*

*But has high expectations for residents. These expectations include that the*

*resident will transition from unsafe and unstable street life to a permanent*

*housing situation and that re-engagement with treatment services will occur.*

*(3).Community Resource Center (Support ADRC GRANT).*

*A Facility common area monitored/ Managed by the Department of*

*Integrated Services for Individuals With Disabilities- DIVISION OF Support*

*Services that will house the grant requirements as established by Centers of*

*Medicaid / Medicare and the Agency of Aging, also known as the ADRC*

*Grant Inclusive additional site requirements as identified by the grant will*

*be coordinated with the Mayor's of specified Villages to utilize Senior*

*Citizens and Community Centers to house computers for consumers to seek*

*services and/ or programs.*


*(4). Guam Rehabilitation Workshop Center*

*A facility that would provide for a designated area to service the Department of Integrated*

*Services for Individuals With Disabilities, Guam Developmental Disabilities Council, Guam*

*Rehabilitation and Workshop Center INC. Faith Based Organizations and other community*

*entities that provide programs/services for Individuals With Disabilities.*

*The fact that is that according The Individualized Budget Program (IBP),*

*Plaintiff Was Qualified to Receive Service From (IBP), However Defendant(s) Rosanne S. Ada*

*DISID DIRECTOR AND Gregorio Salas Calvo. Statements Conflict with the Programs, they had*

*intentionally DISCRIMINATED AGAINST PLAINTIFF BECAUSE OF HIS DISABILITY*

*STATUS, WHICH PLAINTIFF HAS DOCUMENTATION BY HIS MEDICAL DOCTOR THAT*

*INDICATES HIS DISABILITY.*

With Rosanne S. Ada DISID DIRECTOR, AND GREGORIO SALAS CALVO
DISID DEPUTY DIRECTOR. Thru a Grievance Hearing, To Air Out Some
Concerns With Regards To The INDIVIDUALIZED BUDGETING PROGRAM
(I.B.P.), with no Resolution and no remorse Defendant(s) CALVO & ADA
MAINTAIN THERE INNOCENTS.  After Hearing Was Concluded  The Fact is
DEFENDANT(s) CALVO/ ADA WERE NOT WILLING TO ADMIT THAT THEY
HAD MADE SOME MISTAKES, AND OFFER TO SETTLE. Instead they
Maintain That The IBP Is ONLY FOR THOSE INDIVIDUALS WHOM ARE
BEING AT BERG OF HOMELESS / And INSTITUTIONALIZED.
What Happen To The Safe HAVEN PROGRAM That was Suppose To ADDRESS
THESE INDIVIDUALS Needs?  The Fact That The GIST IS THAT THERE
MAYBE A POSSIBILITY THAT DEFENDANT(S) ADA/ CALVO DO NOT WANT
TO ADMIT THAT THEY HAVE BEEN MISLEADING INDIVIDUALS WITH
DISABILITIES. In fact Both defendant(s) Rosanne S. Ada DISID DIRECTOR /
Gregorio Salas Calvo DISID Deputy Director Want to wait Until Both you and
I are At The Berg of being Homeless and at the Berg of Being Institutionalized
the Question I Have is why wait Until an Individual With A Disability is going
to be At The Berg Of Being Homeless, and at the Berg of Being Institutionalized,
When You Can Do Something at the Early Stage to Prevent The Two From
Occurring? FURTHERMORE AS STATED PRIVIOUSLY PLAINTIFF IS A
QUALIFIED APPLICANT FOR THE INDIVIDUALIZED BUDGETING
PROGRAM ACCORDING TO MEDICAL DOCUMENTATION THAT STATES
HIS DISABILITY. The Facts Is Neither Defendant(s) are Medical Doctors, nor
Psychologist, whom can determine how and what services Plaintiff or any other
Individual with Disabilities needs. They are not licensed to practice any of the
above on Guam, and are not certified. Fact That Defendant(s) Gregorio Salas
Calvo DISID Deputy Director, Rosanne S. Ada DISID DIRECTOR, were not
willing to Cooperate With Plaintiff even Thru "The Legal Process. Facts that
Defendant Rosanne S. Ada Stated To Plaintiff Jacob Cruz that She Does Not
Have Any Time To Entertain Plaintiff and Let The Courts Decide The Fate.
Because The Judge Will Rule In DISID(s) Favor, Defendant Ada had also stated
and made it clear to Plaintiff that the Reason he was Denied Services From
DISID is Because Plaintiff Jacob Cruz's is Family can not give Her Kick Backs
or Under The Table Money, and because Jacob Cruz's Family Didn't Support
Governor Felix P. Camacho, Instead They Supported Dr. Robert A. Underwood
And Former Senator Frank Blas Aguon Jr." This was Thru A Telephone
Conversation that when Plaintiff Jacob Cruz  was contacting his  Vocational
Rehabilitation Counselor On :Thursday 04th, January 2007 at four o'clock in the
afternoon Plaintiff had  called the Division of Vocational Rehabilitation
Number 475-4637 and Defendant Rosanne S. Ada Picked The Phone Up. After
Plaintiff was placed on Hold to Speak to his Counselor. Furthermore The

## Conclusion

*The Fact that this amended compliant is that to date Defendant Rosanne S. Ada DISID DIRECTOR still insist that The "Individualized Budgeting Program", is a new Program even after It is Stated That Rosanne Ada States That The IBP is a Continuation of the Pilot Program " Inadanña Para Tinilaika or Partners In Change Pilot Program. Fact that, Rosanne S. Ada is Still Claiming that out of a scale of 1-110, Plaintiff scored 5 points. Furthermore Defendant Rosanne S. Ada DISID DIRECTOR still Maintains That In Order To Fully Meet Requirements For Plaintiff to Participate in The ( IBP)Plaintiff must be at the Berg of Being "Homeless" or at the Berg of being committed to The Department of Mental Health. In light of this Defendant Rosanne S. Ada DISID DIRECTOR/ Gregorio Salas Calvo DISID Deputy Director, has not met the Main 2 objectives. Because the Intentional and Vicious Denial of Plaintiff's Application to the Individualized Budgeting Program, Plaintiff Had Suffered Lack of Sleep, Back Pains, Mental Anguish, Stress, Causing Plaintiff's Jeopardizing Financial AID (Pell Grant)ASSISTANCE, Failing Classes at the Guam Community College, Not Concentrating on Studies, Causing him to get A  (D): In Selling Destinations, and Itinerary Planning, and Ticketing and Travel Documents, and Failing Keyboarding Applications. Lack of Support As Committed and Promised By DEFENDANT(s) GREGORIO SALAS CALVO DISID DEPUTY DIRECTOR, / ROSANNE S. ADA DISID DIRECTOR. Since The Individualized Budgeting Program (IBP) was and is A Local Government Program Being Offered By The DISID Office of The Director and Deputy in con junction with the Division Of Support Service. Plaintiff Is Required To Obtain Benefits from above in order to receive Services from the DIVISION OF VOCATIONAL REHABILITATION. DISID DIRECTOR'S & DEPUTY DIRECTOR'S OFFICE, and the Division Of Support Services- WAS TO BE USED AS A COMPARABLE / SIMILAR BENEFITS, Though DISID THINKS OTHERWISE THIS IS MANDATED IN PROGRAM GUIDELINES AND VOCATIONAL REHABILITATION SERVICE MANUAL. Therefore In Light of This Amended Compliant Plaintiff Was Viciously and Intentionally Denied Benefits, and was Falsely lead To Believe That He WAS GOING TO RECEIVE SERVICES FROM THE OFFICES OF DISID DIRECTOR, DEPUTY DIRECTOR, and DIVISION OF SUPPORT SERVICES. The Fact is Plaintiff Believes That He Is Entitled To The Relief That He Is Seeking In This Amended Compliant. Furthermore, Plaintiff Struggled during the Course of His Studies at Guam Community College in FALL 2006.But ultimately made an Impact by Passing 4 out of 5 Classes enrolled in. Furthermore Fact is That Defendant(s) Rosamne S. ADA DISID DIRECTOR,/ GREGORIO SALAS CALVO DISID DEPUTY DIRECTOR, Had the Opportunity to Resolve This Matter Before Plaintiff Jacob Cruz had Filed an Initial Compliant In The United States District Court of Guam. On October 06, 2006, Plaintiff Jacob Cruz Met*

*Defendant(s), Rosanne S. Ada DISID DIRECTOR/ GREGORIO SALAS CALVO DISID Deputy DIRECTOR, had The Opportunity to Resolve This Matter Since The Grivance Hearing Which Was Held On Friday October 06, 2006 however they Decided That They Would Rather Sit back and Have The Legal System do Its Part. Instead of Trying To Solve This Matter, and Instead of Admitting There Mistakes. They Thought That Plaintiff Jacob Cruz Is Another Joe Blow, That Doesn't Know Anything About The Law. The Defendant(s) Rosanne S. Ada DISID DIRECTOR/ GREGORIO SALAS CALVO DISID DEPUTY DIRECTOR/ HELENA ANA G. Kubo DIVISION OF SUPPORT SERVICES ADMINISTRATOR/ Rosemarie Genese Social Worker II Division Of Support Services Had An Opportunity To Correct This Matter. Plaintiff Is Submitting Attached Amended Compliant and Copies of Documentation That is Revelant To This Case, Likewise It Is Needless To Know That To date None of The Applicants Whom Were Either Awarded or Denied Particpation Of The INDIVIDUALIZED BUDGETING PROGRAM(IBP), Were Ever Notified Officially, To Date. In a Letter Form. Furthermore DISID DIRECTOR Rosanne S. ADA, DISID Deputy DIRECTOR GREGORIO SALAS CALVO, DIVISION OF SUPPORT Services Administrator HELENA ANA G. KUBO/ DIVISION OF SUPPORT SERVICES SOCIAL WORKER II ROSEMARIE GENESE, Do Not Know The LAW THAT CREATED DEPARTMENT OF INTEGRATED SERVICES FOR INDIVIDUALS WITH DISABILITIES. In Conclusion, DISID DIRECTOR/ DISID DEPUTY DIRECTOR/ DIVISION OF SUPPORT SERVICES ADMINISTRATOR/ SOCIAL WORKER II, Do Not CARE OF THE INTEGRITY OF CONFIDENTIALITY. PLAINTIFFS CASE WAS THE ONLY CASE TO BE AUDITED AND SCRUTINIZED BECAUSE PLAINTIFF BROUGHT UP SOME CONCERNS. Plaintiff Believes That This Is An Intentional DISCRIMINATION, and Plaintiff Also Believes DISID DIRECTOR/ Deputy DIRECTOR/ DIVISION OF SUPPORT SERVICES ADMINISTRATOR/ and SOCIAL WORKER II, FAILED IN FOLLOWING THE SPIRIT and The Letter Of The LAW IN ITS ENTIRELY OF THE REHABILITATION ACT OF 1973, And Public Law 24-16.*

*The Relief Plaintiff is Seeking Is Very Simple, Hard, and Straight To The Point.*
*If DEPARTMENT OF INTEGRATED SERVICES FOR INDIVIDUALS WITH*
*DISABILITIES (DISID) Officials, Can't Abide By The Law, Then The Courts*
*Shall Provide Relief for Punitive Damages On The basis of: Undue Hardship,*
*Intimidation, Mental Anguish, Stress, Emotional Trauma, Personal Injuries, and*
*Outrage Shock.*

- *Court to Order Defendant s to Compensate Mr. JACOB CRUZ In a Full Lump Sum Payment in The Amount of TEN Million Dollars, ($10,000.000.) and shall be retroactive to the Month of October 01, 2006 Payment Must Be Paid Within 36 hours after Judgement Is Rendered. Payment Shall Be Picked UP By Plaintiff at The Department of Administration's Treasurer of Guam Window. No Later Than 1.p.m. \*TAX FREE\*.*

*Court to Order DR. Albert Taitano San Agustin Ph.D., Direct His Staff To Educate Rosanne Ada DISID DIRECTOR/ GREGORIO SALAS CALVO DISID DEPUTY DIRECTOR, HELENA ANA G. KUBO SUPPORT SERVICES ADMINISTRATOR, ROSEMARIE GENESE SUPPORT SERVICES SOCIAL WORKER II, in How and what Services DVR is Responsible For Delivering and what Services DISID Can Provide, as Similar Benefits/ Comparable Services.*

- *Court To ORDER A Moratorium on The Individualized Budgeting Program, ADRC, and the Safe Haven/ ADRC: Community Resource Grant Program's For Not More Than Eight (12) Years*

- *Court To Order A Moratorium for all Off-Island Travel for No More Than Four (12) Years, For The Department of Integrated Services For Individuals With Disabilities (DISID), and The DISID DIVISION OF SUPPORT SERVICES.*

- *Court To Order A Moratorium On The Following Salaries Until Compensation is Paid In Full. Rosanne S.ADA DISID DIRECTOR/ Gregorio Salas Calvo DISID DEPUTY DIRECTOR/ Helena Ana G. Kubo Division of Support Services Administrator/ Rosemarie Genese Social Worker Division of Support Services,*

- *If the Defendant(s) fails to meet First, Payment Case will be Forwarded Back and a Contempt of Court shall be issued... For Failure To Comply with A Court Order. And Defendant(s) shall be remanded To the Department of Corrections for a Minimum 0f no more than 60 month's For Failure To Comply With A Court Order.*
- *Court To Order Defendant(s) shall commit them To Learn about Vocational Rehabilitation Process..*
- *Court To ORDER Moratorium on the Division of Support Services Individuals with Disabilities (DISID), Until Public Law 24-16 can be assessed in it's entirely.*
- *Court To Order The DEPARTMENT OF INTEGRATED SERVICES FOR INDIVIDUALS WITH DISABILITIES (DISID), OFFICE OF THE DIRECTOR/ DEPUTY DIRECTOR BEGIN WORKSHOPS, Training, and Forums, Workshops Beginning IMMEDIATELY . FOR ALL GOVERNMENT OF GUAM DIRECTOR'S/ EMPLOYEE'S, Private Employers,/ Employees./ and shall Immediately Start A DATA BASE On HOW MANY INDIVIDUALS WITH DISABILITIES ARE CURRENTLY EMPLOYED, AND To REMIND EACH EMPLOYER THAT There IS A FEDERAL MANDATE THAT NEEDS TO BE FOLLOWED*
- *Court to Order That Client can not Receive Services from DISID/ Division of Support Services for no more than (20) years.*

*Cruz vs. Gregorio S. Calvo DISID DEPUTY DIRECTOR. et al.*

*Compliant Title I, A.D.A. Non-Compliant Of Public Law 24-16*

*February 16th, 2007 {AMENDED}*

## PRAYER

*WHEREFORE, Plaintiff prays that Judgment be entered in his favor and against each Defendant(s) an that the Plaintiff be awarded all relief available to him under the law and statues, Including: Personal Injuries, Undue Hardship, Emotional and Mental Trauma, Outrage Shock, Humiliation, Intimidation, Stress , and for further relief as this Honorable Court Deems Just and Proper.*

*Dated: 16th day of February 2007.*

JACOB CRUZ Compliant PRO SE,