

Office of the Attorney General
Alicia G. Limtiaco
Attorney General of Guam
Civil Division
287 West O'Brien Drive
Hagåtña, Guam 96910 • USA
(671) 475-3324 • (671) 472-2493 (Fax)
www.guamattorneygeneral.com

Attorneys for the Government of Guam

# UNITED STATES DISTRICT COURT
# DISTRICT OF GUAM

| | |
|---|---|
| J. C., <br><br> Plaintiff, <br><br> vs. <br><br> GREGORIO SALAS CALVO, in his official capacity as Deputy Director Department of Integrated Services for Individuals with Disabilities (DISID), ROSANNE S. ADA, in her official capacity as Director of DISID, HELENA ANA G. KUBO, in her official capacity as Administrator, DISID Division of Support Services, and ROSEMARIE GENESE, in her official capacity as Social Worker II, DISID Division of Support Services, <br><br> Defendants. | Civil Case No. CIV 06-00031 <br><br><br> **ANSWER TO AMENDED COMPLAINT** |

Defendants, by counsel, the Office of the Attorney General, answer plaintiff's complaint in the above-captioned action as follows:
FILED
DISTRICT COURT OF GUAM
FEB 26 2007
MARY L.M. MORAN
CLERK OF COURT

## PARTIES

1.[1] Answering the allegations contained in paragraph 1 of plaintiff's amended complaint, Document 23-1, p.1, are informed and believe and thereon admit plaintiff is an individual residing in Mangilao, Guam.

2. Answering the allegations contained in paragraph 2 of plaintiff's amended complaint, Document 23-1, p.1, admit defendants named and sued herein in their official capacities occupy, and are employed in, the positions alleged at Hagåtña, Guam.

## VENUE and JURISDICTION

3. Answering the allegations contained in paragraph 3 of plaintiff's amended complaint, Document 23-1, p.1, admit venue in this district is proper under 28 U.S.C. §1391; admit defendants Ada, in her official capacity as Director thereof, and Calvo, in his official capacity as Deputy Director thereof, were and are, at all times relevant herein, employees of the Department of Integrated Services for Individuals with Disabilities ("DISID") and, as such, were and are employees of DISID, an agency of the government of Guam, an unincorporated territory of the United States of America, organized pursuant to the Organic Act of Guam, with its principal place of business in the territory of Guam; otherwise deny the allegations contained in said paragraph 3; deny this Court has jurisdiction, none being alleged since 42 USC §2000, et seq, simply does not address any matters of which plaintiff complains; accordingly, defendants suggest this Court lacks jurisdiction of the subject matter.

---

[1] Plaintiff's amended complaint not being paginated, and allegational paragraphs not all being sequentially numbered or not numbered at all, as the case may be, in this answer, where necessary, reference is made to the Court's Pacer generated copy of the amended complaint as Document 23-1 followed by page number, and such paragraph number as may appear in the amended complaint.

# FIRST DEFENSE

## (Count I)

1. It appearing the sequentially numbered paragraphs commencing with 1 on the second sheet of the amended complaint, Document 23-1, p.2, are intended to commence plaintiff's first cause of action, admit the truth of the allegations contained in such sequentially numbered paragraphs 1, 2 and 3 of plaintiff's amended complaint, Document 23-1, p.2.

2. Answering the allegations contained in paragraphs 4, 5, of plaintiff's amended complaint, Document 23-1, p.2, admit and allege that on or about the date mentioned, December 4, 2006, defendant Calvo and June Perez, also an employee of DISID, were on the mainland United States on DISID official business attending a training conference; allege that following such conference defendant Calvo remained on the mainland for a period of time on personal leave; otherwise deny the allegations contained in paragraph 4 of plaintiff's complaint.

3. Deny the allegations contained in paragraph 5 of plaintiff's amended complaint, Document 23-1, p.2.

4. Answering the allegations contained in paragraph 6 of plaintiff's amended complaint, Document 23-1, p.3, admit that on or about December 4, 2006 counsel for defendants made reference as alleged and the Court said what the Court said; admit and allege the United States Congress by amendment to Section 504 of the Rehabilitation Act of 1973, by Public Law 102-569, §102, substituted "a disability" for "handicaps" and "disability" for "handicap".

5. Answering the allegations contained in paragraph 7 of plaintiff's amended complaint, Document 23-1, p.3, admit Public Law 24-16, enacted into law on March 26, 1997 states what it states; admit that Title 17 GCA Chapter 41, §41103(b) is as quoted by said paragraph 7.

6. Answering the allegations contained in paragraph 8 of plaintiff's amended complaint,

commencing at Document 23-1, p.3, admit that some members of the general public use the word "handicap", that some individuals with disabilities are mistreated; that plaintiff is entitled to his conclusory opinion DISID has not done enough public education where it educates the public as to what, how and when to assist individuals with disabilities; admit that Title 17 GCA Chapter 41, §41103(c) is as quoted by said paragraph 8.

7. Answering the allegations contained in paragraphs 9 and 10 of plaintiff's amended complaint, Document 23-1, p.4, admit a declaration of defendant Ada was filed in this action on October 31, 2006 to which was attached as Exhibit "A" a pamphlet of (Interim) Rules and Regulations for the Individualized Budgeting Program (IBP) administered by DISID; admit said declaration, at paragraph 5, states:

> In his (original) Complaint, plaintiff makes reference also to his Individualized Plan for Employment (IPE), A DISID program administered by its Division of Vocational Rehabilitation (DVR). In plaintiff's case, pursuant to his IPE he currently is enrolled at Guam Community College to further his education in preparation for employment in the travel or tourism industry.;

Following such, the declaration goes on to state, <u>without</u> reference to plaintiff's IPE:

> His self-determined goal at present is to become a self-employed, to start his own business.;

Otherwise, on an enrollment form signed by plaintiff dated April 10, 2006, by way of application for participation in the Individualized Budgeting Program, plaintiff had stated as his reason for request for such participation, among others, was to start his own business; deny defendant Calvo insisted plaintiff attend one semester, or at all, at Guam Community College or any other educational institution, or that any defendant agreed that all available resources would be rendered on or about August 16, 2006 or any other date; that any agreements with plaintiff were limited to, and as embodied in, his IPE, subject to the extent of the limited approval authority of the DVR Administrator, the DVR at times relevant prior to October 1, 2006 being

the Guam state agency designated to administer the IPE with DISID so designated effective October 1, 2006 to replace the DVR as the state agency so designated.

8. Answering the allegations contained in paragraph 11 of plaintiff's amended complaint, Document 23-1, p.5, deny the allegations of the first paragraph of said numbered paragraph 11; admit the Reply Memorandum filed November 27, 2006, p.2, lines 11-14, says what it says; as shown in plaintiff's IPE, filed October 25, 2006 as an attachment, although the timelines for achievement of plaintiff's employment outcome was 24 to 36 months, the intermediate objective #1 was for plaintiff to be a registered student at Guam community College in the Fall Semester of 2006 with certain amounts authorized for various expenses incident for that Fall Semester; admit plaintiff earlier had expressed his desire to pursue his education at an off-island institution of higher learning, however, it was plaintiff's decision, voluntarily made, to enter into the IPE; deny defendant Calvo made any statements or promises as alleged by plaintiff to have been made by defendant Calvo.

9. Deny the allegations contained in paragraphs 12, 13, 14, 15 and 16 of plaintiff's amended complaint, Document 23-1, p.6, to the extent such allegations are pointed at or implicate defendants.

10. There being no paragraphs numbered 17 or 18, defendants address paragraph numbered 19 of plaintiff's amended complaint, Document 23-1, p.7; allege defendants lack comprehension of and, accordingly, are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 19 commencing with the acronym "DISID" through the second item numbered 3 appearing near the bottom of Document 23-1, p.7; admit and concede plaintiff may "believe" what he alleges he believes; allege and admit Public law 24-16 says what it says; accept plaintiff's admission the gist of his amended

Page 5
Defendants' Answer to Amended complaint
District Court Civil Case No. CIV06-00031

Case 1:06-cv-00031    Document 25    Filed 02/26/2007    Page 5 of 10

complaint, Document 23-1, p. 8, is as stated therein at A and B; to the extent A and B are deemed allegations of fact, deny such allegations; accept plaintiff's admission a further "Gist" of plaintiff's amended complaint is, if such is how plaintiff would describe it, that it may seem to plaintiff defendants "think" certain things of individuals with disabilities; deny defendants so "think"; admit Public Law 24-16, mentioned at amended complaint, Document 23-1, pp. 8, 9 says what it says; deplore the transparent threat of intimidation, an implicit threat by plaintiff, of criminal prosecution to achieve his goals, by his emphasis of the word MISDEMEANOR; admit 29 U.S.C. §701 et seq., mentioned at Document 23-1, p. 10, says what it says; deny the allegations of plaintiff's amended complaint, Document 23-1, p. 10, that defendant Calvo consistently lied to client(s).. in making them believe they will get the funding for the Individualized Budgeting Program; deny the allegations of plaintiff's amended complaint, Document 23-1, p. 10, that it is known defendant Calvo runs away from the problem when he can't take the heat any further; deny the allegations of plaintiff's amended complaint, Document 23-1, p. 11, defendant Genese violated plaintiff's rights in the manner alleged or otherwise; accept plaintiff's allegation the "gist" of plaintiff's first amended complaint is that defendants have continued to play games in the manner alleged; deny such allegations and all remaining further allegations contained in plaintiff's amended complaint appearing at Document 23-1, p. 11.

11. Deny the allegations contained in paragraphs 4, 5, 6 and 7 of plaintiff's amended complaint, Document 23-1, p. 12.

12. Answering the allegations contained in paragraph 8 of plaintiff's amended complaint, commencing at Document 23-1, p. 12, deny plaintiff submitted to defendants Ada or Calvo a flyer for internet services; allege they are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in said

paragraph 8 of plaintiff's amended complaint, at Document 23-1, p. 13, that plaintiff had a difficult time completing assignments since DISID and the Division of Support Services failed to provide services; admit plaintiff's IPE, as approved by the DVR administrator, did not state expressly that upon completion of Fall semester 2006 plaintiff's program will be reassessed; allege such was implicit in the IPE, its funding and authorization expressly limited to such Fall semester; admit plaintiff's stated preference was to pursue his academic training off-island; allege plaintiff voluntarily elected to accept on-island academic training on Guam as provided by his IPE; deny the allegation defendant Calvo insisted or promised anything to plaintiff with regard to plaintiff's IPE or with regard to plaintiff's application for assistance through the Individualized Budgeting Program ("IBP"); except to the extent expressly admitted or qualified by its answer above to paragraph 8, defendant deny each and every allegation contained in said paragraph 8.

13. Answering the allegations contained in paragraph 9 of plaintiff's amended complaint, commencing at the bottom of Document 23-1, p. 13, deny the allegations contained in said paragraph.

14. Answering the allegations contained in paragraph 10 of plaintiff's amended complaint, commencing at the bottom of Document 23-1, p. 14, deny the allegations contained in said paragraph 10; allege defendant Ada told plaintiff with respect to the IBP he might not qualify for that program because of his qualification rating for that program; deny persons receiving funding assistance during the initial pilot project in place preceding the IBP received funding with which to do whatever they pleased; to the extent any received funding under that pilot project, such funding was provided for specific purposes.

## SECOND DEFENSE

### (Count Two)

1. Answering the allegations contained in paragraph 1 of plaintiff's amended complaint, Count Two, Document 23-1, p. 15, deny either defendants Kubo or Genese invaded plaintiff's privacy.

2. Answering the allegations contained in paragraph 2 of plaintiff's amended complaint, Count Two, Document 23-1, p. 15, deny defendants Kubo, Genese and Ada, or any of them, claim under the contract with Guma' Mami, Inc. they, or any of them, can do whatever they want to do; allege defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in said paragraph 2 of plaintiff's amended complaint, Count Two, at Document 23-1, p. 15, that individuals with disabilities other than plaintiff feel their protection of privacy is at stake within the context of the subject matter of plaintiff's amended complaint.

3. Deny the allegations contained in paragraph 3 of plaintiff's amended complaint, Count Two, Document 23-1, p. 15.

4. Deny the allegation, clearly conclusory, contained in paragraph 4 of plaintiff's amended complaint, Count Two, Document 23-1, p. 16, that defendant Ada had discriminated at all, let alone intentionally discriminated, against plaintiff or against any of those who want to make something of themselves; admit and allege 29 U.S.C. §701 says what it says.

5. Deny the allegations contained in paragraph 7 of plaintiff's amended complaint, Count Two, Document 23-1, p. 16; allege that on the date mentioned, October 6, 2006 defendant Ada did not know whether or not plaintiff would qualify for IBP; allege further that being informed of plaintiff's score, defendant Ada told plaintiff that because of his rating in that part of the qualifying process he might not qualify for the IBP.

6. Deny the allegations contained in paragraph 8 of plaintiff's amended complaint, Count Two, Document 23-1, p. 16.

7. Answering the allegations contained in paragraph 9 of plaintiff's amended complaint, Count Two, Document 23-1, p. 17, admit the truth of the allegations of the first sentence of said paragraph that a forum as so alleged was held; deny defendants intended the IBP be limited to those individuals on the verge of being homeless or on the verge of being institutionalized.

8. Answering the allegations contained in paragraph 10 of plaintiff's amended complaint, Count Two, Document 23-1, pp. 17- 19, admit the four programs described by plaintiff are programs of DISID; said programs currently are under the direct administration of DISID because they are federally funded through temporary grants which, if they become permanent, will then be assigned for administration to appropriate divisions of DISID; allege that while plaintiff was eligible for consideration for the IBP, he was not selected because of the more pressing needs of others and limited funds available; deny defendants Ada and Calvo, or either of them discriminated against plaintiff at all let alone because of his disability status; DISID is working toward permanent funding status for such as the IPB and the Safe Haven Program to expand them with funding sufficient for inclusion of more individuals with disabilities.

### THIRD DEFENSE
### (Re: Conclusion)

Answering the allegations contained in the Conclusion of plaintiff's amended complaint, Document 23-1, pp. 21, 20 and 22, in that order, defendants repeat and incorporate by reference as though fully set forth herein each and every previous paragraph of its Answer set forth above; admit plaintiff passed 4 out of 5 classes enrolled

in; deny defendant Ada made any such statements to plaintiff as alleged at plaintiff's amended complaint, Document 23-1, pp. 20.

Except to the extent expressly admitted or qualified by its Answer, defendants deny each and every allegation contained in plaintiff's amended complaint.

## FOURTH DEFENSE

The amended complaint fails to state a claim against defendants upon which relief can be granted.

## FIFTH DEFENSE

This Court lacks jurisdiction of the subject matter. To the extent plaintiff's amended complaint is construed to make any claim with regard to his IPE, a program coming within the scope of the Rehabilitation Act, this Court lacks subject matter jurisdiction for failure of plaintiff timely or at all first to seek administrative relief.

## SIXTH DEFENSE

Defendants have qualified immunity from imposition of any monetary damages sought by plaintiff's amended complaint.

Wherefore, defendants pray plaintiff's amended complaint and this action be dismissed and plaintiff take nothing.

Dated this 26th day of February, 2007.

Office of the Attorney General
**Alicia G. Limtiaco, Attorney General**

By: _____
**Philip D. Isaac**
Assistant Attorney General
Attorneys for Defendants