# DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

JACOB CRUZ,

    Plaintiff,

vs.

GREGORIO SALAS CALVO, *et. al.*,

    Defendants.

Civil Case No. 06-00031

**ORDER**

This matter comes before the court because plaintiff, Jacob Cruz, ("Cruz") proceeding *pro se*, has filed an amended complaint in the above-captioned matter pursuant to this court's Order of December 28, 2006 ("Order"). *See* Docket No. 20. Initially, Cruz filed a *pro se* complaint alleging violations of the Civil Rights Act of 1964, § 504 of the Rehabilitation Act of 1973 as amended through 1998 ("RA") and the Americans with Disabilities Act ("ADA"), contending that he was denied services due to discrimination as a result of his disabilities. *See* Docket Nos. 1 & 6. Defendants filed a motion to dismiss pursuant to FED. R. CIV. P. 12 (b)(6). A hearing was held on the matter, after which the court issued its decision in the written order of December 28, 2006.

In it's order the court allowed Cruz to amend his complaint to add additional facts to support his claims and to allege "intentional discrimination" and "deliberate indifference" regarding his claims for compensatory damages. Order at 6-7. The court expressly cautioned Cruz that "absent an amendment conforming with this court's order, **ALL** causes of action as to Defendants will be dismissed." In addition to providing specific information about what the amendments should entail, the court also provided guidance and the following warnings:

> 1.     [t]he Amended Complaint must be retyped or rewritten in its entirety and may not incorporate any part of the original Complaint (or supporting documentation) by reference . . .

| | | |
|---|---|---|
| | 2. | [i]f Cruz wishes to include the information previously submitted in the original complaint or the supporting documents submitted via letter (Docket No. 6) he must retype them into his amended complaint or attach the supporting documents to the Amended Complaint . . . |
| | 3. | Cruz should take notice that all causes of action alleged in a complaint which are not alleged in an amended complaint are waived. (citations omitted). |

Order at 8.

The court has reviewed Cruz's amended complaint and finds that the complaint is defective pursuant to G.R. 5.1, LR 10.1 of the Local Rules of the District Court of Guam and Rules 8(a) and 10 of the Federal Rules of Civil Procedure.[1] A federal court may dismiss a complaint *sua sponte* if jurisdiction is lacking. *Southern Pacific Transportation Co. v. City of Los Angeles,* 922 F.2d 498, 502 (9th Cir.1990), *cert. denied,* 112 S.Ct. 382 (1991); FED.R.CIV.P. 12(h)(3).[2] Despite this court's warnings regarding the requirements for filing his amended complaint, Cruz failed to re-allege any of the facts in his initial complaint. Instead it appears that Cruz has chosen to try to supplement his initial complaint. This is not proper. Even upon a liberal review of Cruz's filings, the court can not find any legal or factual basis supporting his claims as they are stated in the amended complaint. The amended complaint utterly fails to state a cognizable claim for relief and is not in compliance with this court's Order of December 28, 2006.

Cruz was advised that failure "to comply with every provision" of the Order would result in a dismissal pursuant to Rule 41(b) FED.R.CIV.P. However, in light of the fact that Cruz did previously plead sufficient facts with respect to the majority of his claims and that he is proceeding *pro se*, this court will allow Cruz a final opportunity to once again amend his complaint to conform with the court's previous Order. Cruz shall submit a Second Amended Complaint by March 12,

---

[1] FED.R.CIV.P 8(a) states in pertinent part:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks . . . .

[2] FED.R.CIV.P. 12(h)(3) states: "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

2

2007. Absent an amendment *conforming* with this court's order, **ALL** causes of action as to Defendants will be dismissed.

The Second Amended Complaint must be retyped or rewritten in its entirety and may not incorporate any part of the two previous complaints (or supporting documentation) by reference. **If Cruz wishes to include the information previously submitted in the original complaints or the supporting documents submitted via letter (Docket No. 6) he must retype them into his amended complaint or attach the supporting documents to the amended Complaint.** Any amended complaint submitted by Cruz should be clearly designated as the Second Amended Complaint on the face of the document. Cruz is advised to pay close attention to the Local and Federal Rules regarding the form, content and formatting of his document.[2] **Again, Cruz should take notice that all causes of action alleged in a complaint which are not alleged in an amended complaint are waived.** *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990).

### WARNING OF POSSIBLE DISMISSAL

Cruz should take notice that if he fails to timely comply with every provision of this Order, or any order entered in this matter, the court will consider dismissing the matter pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See Ferdik v. Bonzelet*, 963 F2d. 1258, 1260-61 (9th Cir.)(district court may dismiss action for failure to comply with any order of the court), *cert. denied*, 506 U.S. 915 (1992).

**SO ORDERED** this 2nd day of March, 2007.



**/s/ Hon. Frances M. Tydingco-Gatewood**
**Chief Judge**

---

[2] The District of Guam Local Rules are available on the District Court of Guam website found at www.gud.uscourts.gov/CourtInfo.htm, the Federal Rules of Civil Procedure are available online at www.law.cornell.edu/rules/frcp/. They are also available to the public at the Guam Territorial Law Library.